chattel mortgagee has a financial interest in the premises that far exceeds the value of the property mortgaged. The funds available to the petitioner's principals, on the other hand, were quite minimal. A substantial portion of their entire investment in the premises constituted moneys that were borrowed by them or were debts assumed by them. These two individuals were employees of the former licensee which had surrendered its liquor license after charges were preferred against it. These findings indicate clearly that approval of the petitioner's application would not be conducive to proper regulation and control and would create a high degree of risk in the administration and enforcement of the law and firmly support the Authority's judgment that the public interest would not be served by the granting of a restaurant wine license to the petitioner. The record leaves no possible scope for a contrary determination. (*Matter of Soviero* v. *State Liq. Auth.*, 25 A D 2d 951, affd. 19 N Y 2d 914; *Matter of Graziani* v. *Rohan*, 10 A D 2d 154, affd. 8 N Y 2d 967.) Concur — Steuer, J. P., Tilzer, Rabin, McGivern and Bastow, JJ.

## (December 7, 1967)

■ In the Matter of GERALD SULTAN, an Attorney.— Motion for reinstatement to the Bar granted and upon submission of proof by affidavit of payment of the sum of $150 and proof of service of said affidavit upon the Association of the Bar of the City of New York, an order granting reinstatement may be entered ex parte. Concur — Stevens, J. P., Eager, Steuer, Capozzoli, and Tilzer, JJ.

### (Republished)

■ In the Matter of ANTHONY J. DESIDERIO et al., Petitioners, v. MARIO A. PROCACCINO, as Comptroller of the City of New York, Respondent.— Determination unanimously confirmed and the petition dismissed, with $50 costs and disbursements to the respondent. The order of this court entered on November 16, 1967 is vacated. No opinion. [See 28 A D 2d 1207.] Concur — Stevens, J. P., Eager, Steuer, Capozzoli, and McGivern, JJ.

■ In the Matter of WILLIAM T. KOCUIBA et al., Petitioners, v. MARIO A. PROCACCINO, as Comptroller of the City of New York, Respondent.— Determination unanimously confirmed and the petition dismissed, with $50 costs and disbursements to the respondent. The order of this court entered on November 16, 1967, is vacated. No opinion. [See 28 A D 2d 1207.] Concur — Stevens, J. P., Eager, Steuer, Capozzoli, and McGivern, JJ.

## (December 12, 1967)

■ CELIA BROADNAX, as Administratrix of the Estate of GAYNELL BROADNAX, Deceased, Respondent, v. HARRY A. DAMINO MEDICAL CENTER et al., Defendants, and MAURICE DUNST, Appellant.— Order entered August 31, 1967, unanimously modified on the law, the facts and in the exercise of discretion, without costs or disbursements, to the extent of denying so much thereof as strikes the answer, and the examination of defendant Dunst is directed to continue on December 26, 1967 at Special Term, Part II, New York County, at 10:30 A.M., the examination to be concluded on that day unless otherwise directed by the court; if plaintiff wishes to use a tape recorder she may do so but she will be responsible for any failure and that failure may not be used as an excuse for any continuance.